**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0845n.06
Filed: November 16, 2006

**Case No. 05-6826**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BETTY P. TYLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FEDERAL EXPRESS CORPORATION | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**BEFORE: RYAN, BATCHELDER and SUTTON, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Betty J. Patrick Tyler appeals the district court's grant of summary judgment to her former employer, Federal Express Corp., in this action brought under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e). Tyler claims that Federal Express discriminated against her, and ultimately terminated her employment, because of her disability and in retaliation for her having filed an EEOC complaint.

Six days after Ms. Tyler filed this employment discrimination action, she filed for bankruptcy under Chapter 13 of the United States Bankruptcy Code, but she did not disclose this lawsuit as an asset. Ms. Tyler does not dispute that she was required to disclose this lawsuit as an asset in her Chapter 13 proceedings under 11 U.S.C. § 521. Nor does she dispute that she did not actually do so for more than three years. It was not until Federal Express moved for summary judgment in this

action, asserting that Ms. Tyler's claim was barred by judicial estoppel, that Ms. Tyler even sought the consent of the bankruptcy court to amend her schedules in the Chapter 13 proceedings. Although the bankruptcy court promptly granted her motion to amend, she did not actually file the amended schedules until some five months later, after the district court issued an order directing her to show cause why Federal Express's motion for summary judgment in this action should not be granted.

The district court, after reviewing the record before it, concluded that Ms. Tyler's omission of this lawsuit from her Chapter 13 proceedings was intentional and not the result of inadvertence, that Ms. Tyler had a motive to conceal the asset, and that the doctrine of judicial estoppel rendered her conduct fatal to her present claim. *See Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).

We have undertaken a de novo review of the record, the applicable law, and the parties' briefs. We conclude that the district court's opinion correctly sets out and applies to the undisputed facts the law governing judicial estoppel, and that the issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.